UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:19-CV-00176-TBR

JEAN CAROLYN BOWEN                                                 PLAINTIFF

V.

BANK OF AMERICA CORPORATION                           DEFENDANT

### MEMORANDUM OPINION

This matter is before the Court upon a motion by the Defendant, Bank of America Corporation, to dismiss for failure to state a claim upon which relief can be granted. (DN 5). The Plaintiff, Jean Carolyn Bowen, has not responded and the time to do so has passed. This matter is ripe for review and for the following reasons, it is **GRANTED.**

### Background

Plaintiff alleges that Defendant violated Kentucky's failure to release statute by failing to timely record a release of a mortgage encumbering her property ("Property"). The factual allegations as set out in the Complaint, [DN 1], and taken as true are as follows.[1] Plaintiff, Jean Carolyn Bowen, is the owner of a property ("Property") situated at 1108 Poplar Street, Murray, KY 42071. (DN 1-1, Complaint, ¶ 1). The mortgage ("Original Mortgage") was originally held by

---

[1] *See Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) ("All factual allegations in the complaint must be presumed to be true, and reasonable inferences must be made in favor of the non-moving party.").

Firstar Bank, N.A. *Id.* at ¶ 4. On September 22, 2000, Firstar recorded the Original Mortgage. *Id.* On October 20, 2000, Firstar re-recorded the mortgage[2] ("Re-recorded Mortgage"). *Id.*

Firstar transferred the Re-recorded Mortgage to Bank of America, N.A. ("BANA") on March 16, 2001. *Id.* at ¶ 3. It is undisputed that Plaintiff eventually satisfied her obligation in connection with the mortgage and that BANA executed a release of the Re-recorded Mortgage. *Id.* at ¶ 4; (DN 5-1 at 3). BANA recorded the release of the Re-recorded Mortgage on July 11, 2007. (DN 5-1 at 3). The release did not reference the Original Mortgage. *Id.*

The Property was conveyed to Plaintiff on November 18, 2018. *Id.* Plaintiff sent written notice advising of the failure to release the Original Mortgage to "Bank of America, Inc." and "Bank of America Home Loans" in April 2019[3]. *Id.* On September 13, 2019, BANA executed a second release of mortgage. *Id.* The second release of mortgage references both the Re-recorded Mortgage and the Original Mortgage. Over a month after the second release was recorded, Plaintiff filed this civil action. *Id.*

**Legal Standard**

In a motion to dismiss pursuant to Rule 12(b)(6), "[t]he defendant has the burden of showing that the plaintiff has failed to state a claim for relief." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citing *Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991)). A complaint must contain "a short and plain statement of the claim showing that the pleader is

---

[2] The Re-recorded Mortgage is filed with the Court. Because it is a public record, the Court may consider the Re-recorded Mortgage without converting this motion to dismiss into a motion for summary judgment. *See Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999); *See also Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 576 (6th Cir. 2008).
[3] Defendant argues that Plaintiff never provided written notice to the correct party. Because the case must be dismissed on other grounds, the Court does not address this argument at this time.

entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to survive a motion to dismiss under Civil Rule 12(b)(6), a party must "plead enough factual matter to raise a 'plausible' inference of wrongdoing." *16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). A claim becomes plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Should the well-pleaded facts support no "more than the mere possibility of misconduct," then dismissal is warranted. *Id.* at 679. The Court may grant a motion to dismiss "only if, after drawing all reasonable inferences from the allegations in the complaint in favor of the plaintiff, the complaint still fails to allege a plausible theory of relief." *Garceau v. City of Flint*, 572 F. App'x 369, 371 (6th Cir. 2014) (citing *Iqbal*, 556 U.S. at 677-79).

**Discussion**

Plaintiff has not responded to Defendant's motion to dismiss and the time to do so has passed. Pursuant to Joint Local Rule of Civil Practice 7.1(c), "[f]ailure to timely respond to a motion may be grounds for granting the motion." *See also Humphrey v. U.S. Attorney General's Office*, 279 F. App'x 328, 331 (6th Cir. 2008) (recognizing that a party's lack of response to a motion or argument therein is grounds for the district court's grant of an unopposed motion to dismiss and noting that "if a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion."); *Paulmann v. Hodgdon Powder Co., Inc.*, No. 3:13-CV-0021-DW, 2014 WL 4102354, *1-2 (W.D. Ky. Aug. 18, 2014) (holding that the plaintiffs failure to respond or otherwise oppose the defendant's motion

to dismiss established that the plaintiff had waived opposition to the motion). Because Plaintiff has failed to oppose Defendant's motion to dismiss, Plaintiff waives opposition to the motion.

Nevertheless, the Court will consider whether Plaintiff has satisfied the federal pleading standard. In *Iqbal*, the Supreme Court explained that, although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." 556 U.S. at 678. Therefore, it is necessary for a complaint to contain facts that support a plausible claim for relief. Defendant argues that Plaintiff has failed to state a claim for four reasons. First, Defendant argues that "Plaintiff incorrectly sued Bank of America Corporation when the assignment of mortgage clearly shows that the lien was assigned to Bank of America, N.A." and "BAC cannot be liable for BANA, which is a separate, and legally distinct, entity." (DN 5-1 at 4). Second, Defendant argues that "the 2007 release was sufficient to release the lien because the Re-recorded Mortgage replaced the [Original Mortgage] as a matter of law." *Id.* Third, Defendant argues that—assuming the Re-recorded did not replace the Original Mortgage—"neither BAC nor BANA is the 'final lienholder' or 'final assignee' of the Mortgage because the original Mortgage was never assigned to either party." *Id.* at 4-5. And finally, Defendant argues that Plaintiff's notice was insufficient because (1) it was not sent to the final lienholder or assignee and (2) the notice was not sent to an officer of BANA. *Id.* at 5.

Resolution of this action turns on the application of KRS § 382.365 to the facts stated above. In general, that statute provides that a "holder of a lien on real property . . . shall release the lien . . . within thirty (30) days from the date of satisfaction." KRS § 382.365(1). If the lienholder does not timely release the lien, the owner of the real property is granted a private right of action to force the lienholder to comply with the statute. KRS § 382.365(3). Statutory penalties are also authorized against a lienholder for failure to timely release a lien. So long as (1) the lien is satisfied,

4

(2) the lienholder receives written notice of its failure to release the lien, and (3) it lacks good cause for not releasing the lien, "the lienholder shall be liable to the owner of the real property . . . in the amount of one hundred dollars ($100) per day for each day beginning on the fifteenth day after receipt of the written notice, of the violation for which good cause did not exist." KRS § 382.365(4); *see Hall v. Mortgage Electronic Registration Systems, Inc.*, 396 S.W.3d 301, 304 (Ky. 2012) (listing the three prerequisites for imposition of statutory penalties). The daily penalty increases to a total of "five hundred dollars ($500) per day, for each day for which good cause did not exist after the forty-fifth day from the date of written notice." KRS § 382.365(5).

Because the Re-recorded Mortgage replaced the Original Mortgage, the 2007 Release was sufficient to release the lien and BANA is not liable under KRS § 382.365. In *Lehman Cap. v. Louisville Reg'l Airport Auth.*, a district court in the Western District of Kentucky held that a re-recorded mortgage containing instructions to "re-record" the mortgage had the effect of "completely replacing" the original mortgage. No. 3:07-CV-9-H, 2007 U.S. Dist. LEXIS 64076, at *7 (W.D. Ky. Aug. 28, 2007). The *Lehman* court reasoned that "the Corrected Mortgage here had the effect of completely *replacing* the Original Mortgage; the Corrected Mortgage itself contained explicit instructions to 'RE-RECORD' the mortgage to effectively replace it." *Id.* The court further explained that "the legal reality is that the Original Mortgage was replaced by the Corrected Mortgage, and the Corrected Mortgage was released by a properly executed Deed of Release." *Id.* at *8. Therefore, the *Lehman* court found it unnecessary for the lienholder of the re-recorded mortgage to record a release of the original mortgage. *See id.*

In this case, it is undisputed that BANA executed a release of the Re-recorded Mortgage on June 26, 2007. (DN 5-1 at 3). The Original Mortgage and Re-recorded Mortgage were executed in connection with the same promissory note. (DN 5-1 at 5). Furthermore, it is clear from the four

5

corners of the Re-recorded Mortgage that it was recorded to correct a minor scrivener's error in the Original Mortgage's recording. On the first page of the Re-recorded Mortgage, the document states "*re-record to correct county." The Original Mortgage listed the county as "Caldwell County," and the Re-recorded Mortgage replaced this misprint with "*Calloway County." This is the only difference between the two mortgages that the parties have identified to the Court. Therefore, this case is like *Lehman* and the Re-recorded Mortgage replaced the Original Mortgage. Because the legal reality is that the Original Mortgage has been replaced and because the Re-recorded Mortgage was timely released, the Plaintiff fails to state a claim upon which relief can be granted.

**Conclusion**

For the foregoing reasons, Defendant's motion to dismiss is **GRANTED.** The Court will enter a separate Order and Judgment consistent with this Memorandum Opinion.

*[Signature: Thomas B. Russell]*

Thomas B. Russell, Senior Judge
United States District Court

January 16, 2020

CC: Counsel of Record